UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JAMIE JOHNSON** | * | **CIVIL ACTION NO.  3:11-cv-0302** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **TIMOTHY WILKINSON, WARDEN** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Louisiana prisoner Jamie Johnson, original represented by attorney Autumn Town, but now proceeding pro se, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on February 22, 2011.  Petitioner attacks his 2005 conviction for manslaughter in Louisiana's Fifth Judicial District Court, Franklin Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

BACKGROUND

The Franklin Parish Grand Jury indicted petitioner on July 12, 2004, charging him with second degree murder.  (Mem. in Supp. of Pet. [Doc. # 1, Attach. 2], p. 3).  On October 28, 2005, the trial jury returned a responsive verdict of manslaughter.  *Id.*  Petitioner's post-trial motions for new trial and acquittal were denied on January 10, 2006, and on that same date he was sentenced to 20 years at hard labor.  *Id.*  His motion to reconsider sentence was also denied.

Petitioner appealed his conviction to the Second Circuit Court of Appeals raising claims

of (1) sufficiency of the evidence and (2) improper exclusion of the defendant's expert witnesses. On September 27, 2006, the Second Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Jamie Johnson*, 41,428 (La. App. 2 Cir. 9/27/06); 940 So. 2d 711. On some unspecified date, petitioner sought writs in the Louisiana Supreme Court. On May 18, 2007, the Louisiana Supreme Court denied writs. *State of Louisiana v. Jamie Johnson*, 06-2615 (La. 5/18/07); 957 So. 2d 150. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. # 1, ¶9(h)].

On August 14, 2008, petitioner mailed an application for post-conviction relief (doc. # 3, exh. E) to the Fifth Judicial District Court.[1] The application raised the following claims: (1) due process violation based on newly discovered witness; (2) denial of the right to present a defense; (3) unfair jury venire; and (4) ineffective assistance of counsel. *Id.* at p. 9. The application was denied in the trial court on March 5, 2010. [Doc. # 3, Exh. F].

Petitioner's writ application was denied by the Second Circuit Court of Appeals on May 27, 2010, in an order under Docket Number 45624-KW. [Doc. # 3, Exh. J]. On some unspecified date, petitioner filed an application for writs in the Louisiana Supreme Court. [*See* Doc. # 3, Exhs. K, L]. On February 18, 2011, his writ application was denied. *State of Louisiana v. Jamie Johnson*, 10-1505 (La. 2/18/11); 57 So. 3d 329.

Counsel for petitioner filed the instant petition on February 22, 2011. [Doc. # 1]. The undersigned issued a memorandum order on May 6, 2011, directing petitioner to amend his petition to demonstrate either that the petition was timely filed, or that he is entitled to the

---

[1] The timing of the mailing and filing of the application is subject to dispute, and is discussed at length below.

benefits of statutory or equitable tolling. [Doc. # 2]. On June 13, 2011, counsel for petitioner filed a response to the order (doc. # 3); thereafter, counsel's motion to withdraw as petitioner's attorney was granted. [Doc. # 4].

## LAW AND ANALYSIS

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitations period runs from the latest of several events described in the statute; however, the only date applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner appealed his sentence. His sentence was affirmed by the Second Circuit Court

---

[2] Nothing in the record suggests that any State-created impediments prevented the filing of this petition. Further, the claims asserted do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)-(C). Finally, it does not appear that petitioner may rely upon the provisions of § 2244(d)(1)(D). The so-called newly discovered evidence consists of the testimony offered in the affidavit of Deon Cain. Although the affidavit itself appears to be dated September 10, 2007, *see* Doc. # 3, Exh. I(4), p. 22, the instant petition refers to it as "the October 9, 2007 affidavit." [Doc. # 1, p. 10]. The distinction is immaterial, however, because petitioner actually learned of the information contained therein many months prior to August 16, 2007, the date of finality of judgment. At the evidentiary hearing convened in response to the application for post-conviction relief, Cain testified that, while incarcerated with petitioner at Winn Corrections Center, he provided the information to petitioner in "February of '0 – I don't – '08, '07, something like that . . . . Yes, sir, it was 2007 or 2008, one of them." [Doc. # 3, Exh. I(3), p. 1]. Since the affidavit was executed in the fall of 2007, it is reasonable to conclude that Cain advised petitioner of his observations in February, 2007. Therefore, since petitioner had knowledge of the supposedly new evidence prior to the date of finality of judgment pursuant to § 2244(d)(1)(A), petitioner cannot rely upon the date of discovery to reckon the start of the AEDPA limitations period.

of Appeals on September 27, 2006. *Johnson*, 940 So. 2d 711. The Louisiana Supreme Court denied writs on direct review on May 18, 2007. *Johnson*, 957 So. 2d 150. Therefore, petitioner's judgment became final under § 2244(d)(1)(A) on August 16, 2007, when the ninety-day period for seeking *certiorari* in the United States Supreme Court as established by Supreme Court Rule 13 expired. *See Ott*, 192 F.3d at 513 (finding that the state court judgment is not final for *habeas* purposes until the ninety-day period for filing a *writ of certiorari* to the United States Supreme Court has expired).

Since petitioner's judgment of conviction became final for AEDPA purposes on August 16, 2007, petitioner would normally have had one year, or until August 16, 2008, to file his federal *habeas corpus* suit.[3] However, since August 16th fell on a Saturday, the one-year period was extended to the following Monday, or August 18, 2008.[4] Petitioner's time period for filing his federal *habeas corpus* suit thus expired on August 18, 2008, unless that deadline was extended through statutory or equitable tolling.

**I.      Statutory Tolling**

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time

---

[3] The undersigned recognizes that, because the year 2008 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was August 15, 2008. However, those federal courts that have addressed the issue maintain that it is "the 'anniversary date' on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year." *Higginbotham v. Tanner*, No. 10-1130, 2011 WL 3268128, at *1 n.3 (E.D. La. July 29, 2011) (citing *United States v. Hurst*, 322 F.3d 1256, (10th Cir. 2003); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Zeno v. Louisiana*, No. 06–4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009).

[4] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Respondent agrees that the period should be so extended. [Doc. # 11, p. 12].

during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2); *see also Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Finally, federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner argues that he was able to toll limitations when his attorney mailed his application for post-conviction relief to the Fifth Judicial District Court on August 14, 2008. If the pleading was received and filed prior to the expiration of the limitations period, the period would have been tolled during the pendency of the application for post-conviction relief in the District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme Court. The Second Circuit Court of Appeals denied writs and mailed Notice of Judgment to petitioner's attorney on Thursday, May 27, 2010. [Doc. # 3, Exh. J]. Thereafter, it appears that petitioner's writ application was timely filed in the Louisiana Supreme Court and thus tolling would have continued.

Tolling would have finally ceased on Friday, February 18, 2011, when the Supreme Court denied writs and petitioner's post-conviction litigation was terminated. *Johnson*; 57 So. 3d 329; [Doc. # 3, Exh. N]. Since all but four days of the one-year period had elapsed prior to August 14, 2008, the date tolling purportedly began, petitioner would have had four days from February 18,

5

2011, to file the instant petition. Petitioner's writ application was signed by counsel on February 22, 2011, and filed on that date. Since the days that elapsed between Friday, February 18, 2011, and Tuesday, February 22, 2011, included a Saturday, Sunday, and the legal holiday of Presidents Day, it appears that no further time elapsed between the date that tolling would have ceased and the date petitioner's attorney filed the instant petition.

In short, the issue of whether or not the instant petition was filed within the one-year period of limitations turns on exactly when petitioner's application for post-conviction relief was received and filed by the Franklin Parish Clerk of Court. If it was received and filed before August 18, 2008, then the one-year limitation would have been satisfied when petitioner's attorney filed the § 2254 petition on February 22, 2011. If it was received and filed after August 18, 2008, petitioner's present petition will be time-barred because the one-year period would never have been tolled.

As stated above, petitioner asserts that his attorney mailed his application for post-conviction relief to the Fifth Judicial District Court on August 14, 2008. The only proof he offers for this assertion are two dated cover letters, one addressed to the Fifth Judicial District Court and one addressed to the Franklin Parish District Attorney's Office. [Doc. # 3, Exhs. C, D]. As for the letter to the district attorney, respondent claims that the district attorney's file contains a copy of the letter, but that the letter was not date stamped upon its receipt at the district attorney's office. [Doc. # 11, p. 13].

The letter to the district court requests that the filing be stamped with the August 14th date. [*Id.*, Exh. C]. However, the uncontroverted evidence presented by respondent shows that no copy of the letter exists in the state court record prepared by the Clerk of Court [Doc. # 11, p.

6

13]. Respondent has presented an affidavit by Ann Johnson, Franklin Parish Clerk of Court, stating that even if such a letter had been received, her office would have not have dated the filing with the date the document was prepared by petitioner, but rather the date it was received or signed by the district judge. [Doc. # 11, Attach. 1]. Further, the record shows that petitioner's post-conviction relief application was in fact filed by the Clerk on September 3, 2008. [Doc. # 13, Attach. 2, p. 20].[5]

Even assuming that the effective date of filing the application was when petitioner's attorney placed the document in the mail, the record is devoid of any evidence as to when this happened. There is no postmark, receipt for certified mail, receipt for registered mail, or any other verifiable proof of when the document was mailed by the attorney or received by the Clerk of Court. The only evidence presented by petitioner is that his attorney prepared cover letters on August 14, 2008. This is simply not sufficient to show that the one-year period was tolled before it expired on August 18, 2008.

## II.     Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting another source). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*,

---

[5] The record also shows that on August 29, 2008, the district judge issued a writ of *habeas corpus ad testificandum* and set an evidentiary hearing. [Doc. # 13, Attach. 2, p. 15, 19].

442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting another source) (assuming without deciding that § 2244(d) allows for equitable tolling).

The undersigned knows of no reason that would support equitable tolling of the statute of limitations in this case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Further, counsel for petitioner was directed to provide argument in favor of the application of equitable tolling and failed to do so.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Neither statutory nor equitable tolling applies. Dismissal on those grounds is therefore recommended.

## CONCLUSION AND RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACHING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of October, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE